# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

**United States of America,**

    Plaintiff,

v.

**Scott William Anderson,**

    Defendant.

**Criminal No. 07-236 (RHK-JJG)**

**REPORT
AND
RECOMMENDATION**

---

JEANNE J. GRAHAM, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge on September 4, 2007, on the pretrial motions of defendant Scott Anderson. Tracy T. Braun, Assistant United States Attorney, appeared on behalf of the Government. Andrea K. George, Assistant Federal Defender, appeared on behalf of Mr. Anderson (Anderson).

Through a motion to suppress evidence from a search and seizure (Doc. No. 15), Anderson asserts that a search warrant for his residence was not supported by probable cause. Though he also has a motion to suppress statements (Doc. No. 16), Anderson has since represented that no issues are raised by this motion, and so it is deemed withdrawn. These motions are referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

This matter arises from an investigation of Regpay, an internet billing service and website operator based in New Jersey. Regpay sold memberships to various websites, operated by it or by third parties, which contained images of child pornography.

A federal task force seized servers belonging to Regpay and found information about those who visited the websites. That information showed two memberships were purchased with credit cards issued to Anderson. The accompanying records included a residential address and an e-mail address.

Password access to the websites were linked to specific e-mail addresses. By examining logs for the websites, federal authorities learned that a person using the e-mail address had accessed two of the websites in the period from June 2002 to April 2003. In an undercover operation, a federal officer visited the same websites in July 2003 and determined that they contained images of child pornography.

Based on the domain name for the e-mail address, federal authorities contacted information technology officials at the University of Minnesota. According to records from those officials, the e-mail address belonged to Anderson, who had a residential address matching that recovered from the Regpay server. This residence was confirmed through other sources as well.

Federal authorities also obtained records from the credit card companies for the numbers that appeared on the memberships. Those companies indicated the credit cards were issued to Anderson, at same the residential address, and were used for transactions linked to Regpay.

Special Agent Kevin Lang, of the division of Immigration and Customs Enforcement in the Department of Homeland Security, sought a search warrant for Anderson's residence. Lang recited the facts from the investigation in an affidavit accompanying the application. From his expertise in the investigation of child pornography cases, Lang added that persons who access such materials are likely to collect and keep, over several years, tangible or electronic images in their homes.

The warrant issued March 21, 2005, with the direction that it be executed on or before March 31, 2005. The record does not indicate when the warrant was executed or what evidence was found in the search.

Anderson argues his Fourth Amendment rights were violated when his home was searched. The Fourth Amendment requires that, for a search warrant to be authorized, a detached and neutral magistrate must find that it is supported by probable cause. *Warden v. Hayden*, 387 U.S. 294, 301-02 (1967).

A search warrant is supported by probable cause when reasonable persons, considering the facts and circumstances alleged in the search warrant affidavit, would find a fair probability that incriminating evidence is on the premises to be searched. *Illinois v. Gates*, 642 U.S. 213, 238 (1983). When reviewing the sufficiency of the affidavit, a court may only consider the information stated in the affidavit. *United States v. Wells*, 347 F.3d 280, 286 (8th Cir. 2003).

Where it is alleged that a defendant possesses child pornography, and that this evidence is in a computer found in the home of the defendant, reasonable persons would find a fair probability that child pornography will be found there. These facts, stated in an affidavit, will ordinarily supply probable cause for a warrant to search the premises. *Cf. United States v. Grant*, 490 F.3d 627, 629 (8th Cir. 2007) (upholding search of computer after service technician found suspect images); *United States v. Terry*, 305 F.3d 818, 823 (8th Cir. 2002) (upholding search of home after child pornography was found in defendant's truck).

If a defendant is implicated in distribution of child pornography on the internet and accesses the internet from the home, there is also a fair probability that such contraband will be found there. *See United States v. Hay*, 231 F.3d 630, 634 (9th Cir. 2000) (linking file transfer to defendant's residence by

subpoenaing information about IP address); *United States v. Grant*, 218 F.3d 72, 75-76 (1st Cir. 2000) (noting that defendant was shown to have access to file server).

The record here shows that Anderson accessed websites that contain child pornography, and that he was likely to keep such images in his home. Because these facts support a fair probability that such images would be found there, the search warrant for his residence is supported by probable cause, and evidence from the search need not be suppressed.

Because nearly two years lapsed from the time that Anderson accessed the websites to the time of the search, there may be a question about whether the allegations in the search warrant are stale. As time passes, information in a search warrant may be less likely to support probable cause. But the passage of time is not necessarily fatal to probable cause, and other factors may be relevant, such as the nature of the criminal activity and the kind of property subject to the search. *See United States v. Gettel*, 474 F.3d 1081, 1086 (8th Cir. 2007).

Because certain types of contraband are less likely to be collected or preserved, information about such contraband is more likely to become stale. The classic example is narcotics, which are consumed or delivered shortly after they are received. *United States v. Stevens*, 439 F.3d 983, 988 (8th Cir. 2006). An intermediate example is stolen property, which may not necessarily be sold or disposed of immediately after the theft. *Gettel*, 474 F.3d at 1086. Because firearms are likely to be collected and maintained for years, information about such property may remain useful for several years. *United States v. Maxim*, 55 F.3d 394, 397-98 (8th Cir. 1995).

Information about pornography may become stale under certain circumstances. The Third Circuit has observed that older information about *adult* pornography is more likely to become stale, especially in

the absence of allegations showing that it was being collected over lengthy periods of time. *United States v. Zimmerman*, 277 F.3d 426, 434 (3d Cir. 2002).

But where an affidavit states that a person has received child pornography, and that such persons are likely to keep it for several years, the allegations do not become stale. *See, e.g., United States v. Irving*, 452 F.3d 110, 125 (2d Cir. 2006) (upholding search for child pornography founded on information collected two years prior); *United States v. Lacy*, 119 F.3d 742, 746 (9th Cir. 1997) (upholding warrant after noting collectors of child pornography "rarely if ever" dispose of it); *United States v. Harvey*, 2 F.3d 1318, 1323 (3d Cir. 1993) (observing that thirteen to fifteen month delay did not render information about child pornography collection stale); *cf. United States v. Horn*, 187 F.3d 781, 786-87 (8th Cir. 1999) (observing four month delay did not render warrant stale where defendant had "continuing interest" in child pornography).

This rule is equally applicable here. Even though nearly two years passed from the time of the investigation to the issuance of the warrant, the affidavit alleges that Anderson was likely to keep and maintain a collection of child pornography. So the passage of time does not undermine probable cause.

Consistent with the preceding analysis, and being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1.    Anderson's motion to suppress evidence from a search and seizure (Doc. No. 15) be **DENIED.**

2.    Anderson's motion to suppress statements (Doc. No. 16) be **WITHDRAWN.**

Dated this 11th day of September, 2007.          s/Jeanne J. Graham
                                                 JEANNE J. GRAHAM
                                                 U.S. Magistrate Judge

## NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by September 28, 2007.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  The district court judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit.  Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.